**STATE, ex rel. NAWSON, Petitioner, v. ECKLE, Respondent.**

Ohio Appeals, Second District, Madison County.

No. 222. Decided May 8, 1957.

Cecile J. Shapiro, Columbus, for petitioner.
William Saxbe, Atty Genl., Louis H. Orkin, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By THE COURT:

Petitioner seeks release by habeas corpus from the London Prison Farm where he is a prisoner under commitment from a Cuyahoga County Common Pleas Court upon conviction of a violation of §3719.02 R. C., in that he unlawfully had in his possession and under his control a certain narcotic drug, to-wit: heroin, a derivative of opium. The sentence pronounced was that he "be imprisoned in the penitentiary for one year of this State and kept at hard labor."

No briefs have been filed in this case, but as we recall the oral argument at the time of the hearing, it was urged that the sentence was so uncertain, whether upon a misdemeanor or a felony, as to require petitioner's release.

We find nothing irregular in the sentence except that it is for a definite period of time, namely, one year.

The statute under which the petitioner was charged and convicted, §3719.02 R. C., makes it an offense to possess any narcotic drug. Sec. 3719.99 R. C., fixing the penalty provides that whoever violates §3719.01 to §3719.21, inclusive, R. C., shall be fined not more than $500.00 or imprisoned not more than five years, or both for a first offense; * * *.

Manifestly, the trial judge did not treat the conviction of petitioner as a misdemeanor because no fine was imposed. The sentence clearly indicates that petitioner was sentenced for a felony. Notwithstanding the definite sentence, it must be considered as general and not fixed or limited in its duration.

Sec. 5145.01 R. C., provides:

"If, through oversight or otherwise, a sentence to the penitentiary should be for a definite term, it shall not thereby become void, but such

person shall be subject to the liabilities of such sections and receive the benefits thereof, as if he had been sentenced in the manner required by section."

Petitioner is not unlawfully restrained of his liberty.

The writ will be denied.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.